IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GET FRESH PRODUCE, LLC     :
a/t/a GROFRESH,        :
            :
    Plaintiff      :
            :
    v.        :  Civil Action No._____
            :
LAWRENCE A. DAMICO, JR.   :
            :
    Defendant.    :

## COMPLAINT
### (To Enforce Payment From Produce Trust)

Get Fresh Produce, LLC a/t/a GroFresh (hereafter referred to as "Plaintiff" or "GroFresh"), for its Complaint against Defendant, Lawrence A. Damico, Jr. ("hereafter referred to as "Defendant" or "Damico"), alleges:

### JURISDICTION AND VENUE

1. Subject matter jurisdiction is based on Section 5(c)(5) of the Perishable Agricultural Commodities Act, 7 U.S.C. §499e(c)(5) (hereafter "the PACA"). Personal jurisdiction exists over Defendant because Defendant resides here and conducted business here.

2. Venue in this District is based on 28 U.S.C. §1391 in that Plaintiff's claims arose in this District.

### PARTIES

3. Plaintiff, GroFresh, an Illinois limited liability company with its principal place of business in Bartlett, Illinois, is engaged in the business of buying and selling wholesale quantities of perishable agricultural commodities (hereafter "Produce") in interstate commerce and was at all

- 1 -

times pertinent herein, a dealer subject to and licensed under the provisions of the PACA as a dealer.

4.     Defendant Damico is an adult individual residing at 8206 New England Ave., Burbank, Illinois 60459 who was at all times pertinent hereto, an owner, member, officer, and/or director of Hyde Park Produce Ltd. ("Hyde Park").  Hyde Park was an Illinois corporation that had a principal place of business at 1226 East 53rd Street, Chicago, Illinois, that was engaged in the business of operating a grocery store and buying and selling wholesale quantities of Produce and other food products in interstate commerce and was at all times pertinent herein, a dealer licensed under the provisions of the PACA.  Defendant Damico was listed as the sole principal of Hyde Park on its PACA license, and was in a position of control over the PACA trust assets belonging to Plaintiff .

5.     On June 7, 2026, Hyde Park filed for chapter 7 bankruptcy protection in the proceeding styled as *In re Hyde Park Produce, Ltd.*, Case No. 26-09642, United States Bankruptcy Court for the Northern District of Illinois.

6.     On July 15, 2026, the Chapter 7 Trustee appointed for Hyde Park filed a Report of No Distribution and sought to be discharged and relieved of all duties.  The Hyde Park bankruptcy case was subsequently closed that day and the Chapter 7 Trustee was discharged.

## GENERAL ALLEGATIONS

7.     This action is brought to enforce the trust provisions of P.L. 98-273, the 1984 amendment to Section 5 of the PACA, 7 U.S.C. § 499e(c), as well as the prompt payment provisions of 7 U.S.C. §499b(4).

- 2 -

8. Hyde Park operated and was licensed under PACA as a "dealer" because it received or contracted to receive 2,000 pounds of Produce in a single day and purchased in excess of $230,000.00 worth of produce during any calendar year.

9. Between January 24, 2026 and February 25, 2026, Plaintiff sold to Hyde Park, in interstate commerce, $40,753.00 worth of wholesale quantities of Produce, all of which remains unpaid.

10. Plaintiff delivered to Hyde Park, and Hyde Park accepted, $40,753.00 worth of the Produce that remains unpaid.

11. At the time of receipt of the Produce by Hyde Park, Plaintiff became a beneficiary in a statutory trust designed to assure payment to produce suppliers. The trust consists of all Produce or Produce-related assets, including all funds commingled with funds from other sources and all assets procured by such funds, in the possession or control of Defendant since the creation of the trust.

12. Plaintiff preserved its interest in the PACA trust in the principal amount of $40,753.00 and remains a beneficiary until full payment is made for the produce.

13. Defendant never disputed the principal debt of $40,753.00 in any way but has failed and refused to pay Plaintiff in accordance with the prompt payment or trust provisions of PACA for the wholesale quantities of produce supplied by Plaintiff.

14. The failure to pay Plaintiff and filing for Chapter 7 bankruptcy by Hyde Park indicates that Defendant failed to maintain sufficient assets in the statutory trust to pay Plaintiff and dissipated the trust assets.

## COUNT ONE
### (Unlawful Dissipation of Trust Assets and Breach of Fiduciary Duty by a Corporate Official)

15.     Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 14 above as if fully set forth herein.

16.     Defendant is and was an owner, officer, and/or director of Hyde Park who operated Hyde Park during the period of time in question and prior thereto and, upon information and belief, is and was in a position of control over the PACA trust assets belonging to Plaintiff.

17.     As an owner, officer, and/or director of Hyde Park, Defendant knew of and had full responsibility for Defendant's operations and financial dealings.

18.     As an owner officer, and/or director of Hyde Park, Defendant had a fiduciary duty to ensure that Hyde Park fulfilled its obligations and duties as a PACA trustee.

19.     Hyde Park breached its fiduciary duties as PACA trustee by failing to maintain sufficient PACA trust assets to pay all PACA trust claims when they became due.

20.     Defendant breached his fiduciary duties by failing to direct and ensure Hyde Park fulfilled its statutory duties to preserve PACA trust assets and pay Plaintiff for the Produce supplied.

21.     Defendant knew or should have known that Hyde Park was in breach of the PACA trust.

22.     Defendant's failure to direct Hyde Park to maintain the PACA trust assets and pay Plaintiff for the Produce supplied was a breach of fiduciary duty and an unlawful dissipation of trust assets by a corporate official.

23.     Defendant participated in the breach of fiduciary duty owed to Plaintiff by Hyde Park.

24. As a result of Defendant's breach of fiduciary duties and unlawful dissipation of trust assets, Plaintiff has been deprived of its rights as a beneficiary in the Hyde Park trust and incurred damages in the principal amount of $40,753.00, plus interest, attorneys' fees, and costs.

WHEREFORE, Plaintiff requests judgment against Defendant, Lawrence A. Damico, Jr., in favor of Plaintiff, in the principal amount of $40,753.00, plus interest, costs, attorneys' fees, and any other relief deemed just and owing.

## COUNT TWO
### (Interest and Attorneys Fees)

25. Plaintiff incorporates each and every allegation set forth in paragraphs 1 to 24 above as if fully set forth herein.

26. As a result of Defendant's failure to make payment for the produce sold and delivered to Hyde Park, Plaintiff has lost the use of said money.

27. As a further result of Defendant's failure to make payment for the Produce sold and delivered to Hyde Park, and placing Hyde Park in bankruptcy, Plaintiff has been required to pay attorney's fees and costs in order to ascertain the status of Hyde Park's finances and bring this action to require Defendant to comply with his statutory duties.

28. PACA and the invoices of Plaintiff entitle Plaintiff to recover prejudgment interest and attorneys' fees incurred to collect any balance due from Defendant as a sum due and owing under the PACA trust.

WHEREFORE, Plaintiff requests judgment against Defendant for prejudgment interest, costs and attorney's fees, and for such other and further relief as the Court deems appropriate.

- 6 -

Dated this 7th day of August, 2026.  Respectfully submitted,

    McCARRON & DIESS  LAW OFFICES OF WILLIAM B. KOHN


By:/s/ Mary Jean Fassett  By: /s/ William B. Kohn
    Mary Jean Fassett, ID#9078552      William B. Kohn, #6196142
    4530 Wisconsin Ave., N.W., Suite 301      364 Iris Lane
    Washington, DC 20016      Highland Park, Illinois 60035
    (202) 364-0400      (312) 553-1200
    mjf@mccarronlaw.com      kohn@wbkohnlaw.com

    Attorneys for Plaintiff